Samuel K. Giles, MBA U.S. Patent Agent Reg. # 68,877
INTELLECTUAL CAPITAL CONSULTING, LTD.
3160 W. 71st Avenue, Suite 307
WESTMINSTER, COLORADO 80030
(800) 545-4290

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| Intellectual Capital Consulting, Ltd., Plaintiff, | Civil Action No. |
| v. | ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT |
| Hyundai Motor Company, Hyundai Motor America, Hyundai Motor Manufacturing Alabama, LLC, General Motors Corporation, General Motors, LLC, Onstar, LLC, Audi AG Audi of America, LLC, Audi of America, Inc., Volkswagen AG, Volkswagen Group of America, Inc., BMW of North America, LLC., Bayerische Motoren Werke AG, Dr. Ing. h.c. F. Porsche AG, Porsche Cars North America, Inc., DEI Holdings, Inc., Directed Electronics, Inc., Samsung Electronics Co. Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America, LLC, LG Corporation, LG Electronics U.S.A. Inc., LG Electronics Mobilecomm U.S.A., Inc., Sony Corporation, Sony Electronics, Inc., Sony Corporation of America, Lenovo Limited Group, Lenovo Holding Company, Inc., Lenovo (United States), Inc., Motorola Mobility, Inc., Apple, Inc., Station Digital Media, Inc., and Rego Apps, LLC, Defendants. | JURY TRIAL DEMANDED |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Intellectual Capital Consulting, Ltd. ("ICC") sues Defendants Hyundai Motor Company, Hyundai Motor America, Hyundai Motor Manufacturing Alabama,

LLC, General Motors Corporation, General Motors LLC, OnStar, LLC, Audi AG, Audi of America LLC, Audi of America, Inc., Volkswagen AG, Volkswagen Group of America, Inc., BMW of North America, LLC, Bayerische Motoren Werke AG, Dr. Ing. h.c. F. Porsche AG, Porsche Cars North America, Inc., DEI Holdings, Inc., Directed Electronics, Inc., Samsung Electronics Co. Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America LLC, LG Corporation, LG Electronics U.S.A. Inc., LG Electronics MobileComm U.S.A., Inc., Sony Corporation, Sony Electronics, Inc., Sony Corporation of America, Lenovo Limited Group, Lenovo Holding Company, Inc., Lenovo (United States), Inc., Motorola Mobility, Inc., Apple, Inc., Station Digital Media, Inc., and Rego Apps, LLC, (collectively, "Defendants"), on information and belief, respectfully shows and alleges as follows:

## INTRODUCTION

1.  Plaintiff ICC owns the invention described and claimed in United States Patent No. 7,068,151 entitled "Vehicle Security System" (the "'151 Patent"). Defendants, without Plaintiff's permission, (a) have used and continued to use Plaintiff's patented technology in connection with products that they make, use, sell, and offer to sell which distribute or use smartwatch vehicular systems, components and software thereof, and (b) have contributed to or induced, and continue to contribute to or induce, others to infringe the '151 Patent. Plaintiff ICC seeks damages for patent infringements and an injunction preventing Defendants from making, using, selling, or offering to sell, and from contributing to and inducing others to make, use, sell, or offer to sell, Plaintiff's patented technology without permission.

## JURISDICTION & VENUE

2. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271 and 281, *et seq*. The Court has original jurisdiction over this patent infringement action under 28 U.S.C. §§ 1331 and 1338(a), and 1367.

3. Venue is proper in this Court because the Defendants are responsible for acts of infringement occurring in the Eastern District of Texas as alleged in this Complaint, and have delivered or caused to be delivered its infringing products in the Eastern District of Texas.

4. Additionally, this venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(b). On information and belief, each Defendant is deemed to reside in this judicial district, has committed acts of infringement in this judicial district, has purposely transacted business in this judicial district, and/or has regular and established places of business in this judicial district.

5. This Court has personal jurisdiction over Defendants. Defendants have conducted and continue to conduct business within the State of Texas. Defendants, directly or through subsidiaries or intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, sells, and advertises (including the provision of an interactive web page) its products and/or services in the United States, the State of Texas, and the Eastern District of Texas. Defendants, directly and through subsidiaries or intermediaries (including distributors, retailers, and others), have purposefully and voluntarily placed one or more of its infringing products and/or services, as described below, into the stream of commerce with the expectation that they will be purchased and used by consumers in the Eastern District of Texas. These

infringing products and/or services have been and continue to be purchased and used by consumers in the Eastern District of Texas. Defendants have committed acts of patent infringement within the State of Texas and, more particularly, within the Eastern District of Texas.

## THE PARTIES

6. <u>Hyundai Motor Company</u>

7. Upon information and belief, Hyundai Motor Company is a Korean company with a place of business at 231 Yangjae-dong, Seocho-gu, Seoul, South Korea 137-938.

8. Upon information and belief, Hyundai Motor America is a California corporation with a place of business at 10550 Talbert Ave. Fountain View, CA 92708. Upon information and belief, Hyundai Motor America is a subsidiary of Hyundai Motor Company and, in part, responsible for U.S. operations. Hyundai Motor America sells, markets, distributes, manufactures, sells for importation, imports, and/or sells after importation into the United States product that directly and/or indirectly infringe the '151 Patent. Upon information and belief, further discovery will reveal additional details regarding the division of responsibilities amongst Hyundai-family entities.

9. Upon information and belief, Hyundai Motor Manufacturing Alabama, LLC is a Delaware limited liability company with its principal place of business at 700 Hyundai Blvd., Montgomery, Alabama 36105.

10. <u>General Motors Company & OnStar, LLC</u>

11. Upon information and belief, General Motors Company is a company organized under the laws of Delaware with its principal place of business at 300 Renaissance Center, Detroit, Michigan 48265.

12. Upon information and belief, General Motors LLC is a limited liability company organized under the laws of Delaware with its principal place of business at 300 Renaissance Center, Detroit, Michigan 48265.

13. Upon information and belief, OnStar, LLC is a limited liability company organized under the laws of Delaware with its principal place of business at 400 Renaissance Center, Detroit, Michigan 48265. OnStar, LLC is a subsidiary of General Motors Company and, in part, responsible for operations that use, sell, market, distribute, manufacture, sells for importation, imports, and/or sells after importation into the United States product that directly and/or indirectly infringe the '151 Patent. Upon information and belief, further discovery will reveal additional details regarding the division of responsibilities amongst GM-family entities.

14. <u>Volkswagen AG</u>

15. Upon information and belief, Volkswagen AG is a corporation organized and existing under the laws of Germany, having its principal place of business at Brieffach 1848-2, 38436 Wolfsburg, Germany.

16. Upon information and belief, Volkswagen Group of America, Inc. is a New Jersey corporation with its headquarters and principal place of business located at 2200 Ferdinand Porsche Drive, Herndon, Virginia 20171.

17. Upon information and belief, both Volkswagen AG and Volkswagen Group of America, Inc. are responsible for operations that use, sell, market, distribute,

manufacture, sells for importation, imports, and/or sells after importation into the United States product that directly and/or indirectly infringe the '151 Patent.

18.     Upon information and belief, Volkswagen AG and Volkswagen Group of America, Inc. bear the primary responsibility for the marketing and sales of Volkswagen-branded products within the United States. Upon information and belief, further discovery will reveal additional details regarding the division of responsibilities amongst Volkswagen-family entities.

19.     <u>Audi AG</u>

20.     Upon information and belief, Audi AG is a German corporation with its principal place of business at Ettinger Strasse, D-85045, Ingolstadt, Germany.

21.     Upon information and belief, Audi of America, Inc. is a Delaware corporation with its principal place of business at 2200 Ferdinand Porsche Dr., Herndon, VA 20171.

22.     Upon information and belief, Audi of America LLC is a New Jersey corporation with its principal place of business at 3800 W. Hamlin Road, Auburn Hills, MI 48326. Both Audi of America, Inc. and Audi of America LLC are subsidiaries of Audi AG and responsible for operations that use, sell, market, distribute, manufacture, sells for importation, imports, and/or sells after importation into the United States product that directly and/or indirectly infringe the '151 Patent.

23.     Audi AG is the parent entity of Audi of America, Inc. and Audi of America LLC, Audi AG has primary responsibility for the business planning and manufacturing of Audi-branded products. Upon information and belief, Audi of America, Inc. and Audi

of America LLC bear the primary responsibility for the marketing and sales of Audi-branded products within the United States. Upon information and belief, further discovery will reveal additional details regarding the division of responsibilities amongst Audi-family entities.

24. <u>Bayerische Motoren Werke AG</u>

25. Upon information and belief, BMW of North America, LLC ("BMW NA") is a Delaware limited liability company having its principal place of business at 300 Chestnut Ridge Road, Woodcliff Lake, New Jersey 07677. BMW NA is a wholly owned subsidiary of BMW (US) Holding Corporation, a Delaware corporation, which is a wholly owned subsidiary of Bayerische Motoren Werke AG ("BMW AG").

26. Upon information and belief, BMW AG is a corporation organized under the laws of the Federal Republic of Germany with its principal place of business at Petuelring 130, 80809 Munich, Germany. BMW AG designs and manufactures motor vehicles, parts, and other products for sale in Europe and for export and sale throughout the world.

27. Upon information and belief, BMW NA and BMW AG bear the primary responsibility for the marketing and sales of BMW-branded products within the United States. Upon information and belief, further discovery will reveal additional details regarding the division of responsibilities amongst BMW-family entities.

28. <u>DEI Holdings, Inc.</u>

29. Upon information and belief, DEI Holdings, Inc. is a Florida corporation with its principal place of business at One Viper Way, Vista, California 92083.

30. Upon information and belief, Directed Electronics, Inc. is a corporation organized and existing under the laws of the State of California, having its principal place of business at One Viper Way, Vista, California 92083. Directed Electronics, Inc. is responsible for operations that use, sell, market, distribute, manufacture, sells for importation, imports, and/or sells after importation into the United States product that directly and/or indirectly infringe the '151 Patent.

31. DEI Holdings, Inc. is the parent entity of Directed Electronics, Inc. and has primary responsibility for the business planning and manufacturing of Directed Electronics-branded products. Upon information and belief, DEI Holdings, Inc. and Directed Electronics, Inc. bear the primary responsibility for the marketing and sales of Directed Electronics-branded products within the United States. Upon information and belief, further discovery will reveal additional details regarding the division of responsibilities amongst Directed Electronics-family entities.

32. <u>Dr. Ing. h.c. F. Porsche AG</u>

33. Upon information and belief, Dr. Ing. h.c. F. Porsche AG is a corporation organized under the laws of Germany with its principal place of business at Porscheplatz 1, D 70435, Stuttgart, Germany.

34. Upon information and belief, Porsche Cars North America, Inc., is a corporation organized under the laws of Delaware, with its principal place of business at 980 Hammond Drive, Suite 100, Atlanta, Georgia, 30328, and a registered agent at The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware, 1980.

35. Dr. Ing. h.c. F. Porsche AG is the parent entity of Porsche Cars North America, Inc. and has primary responsibility for the business planning and manufacturing of Porsche branded products. Upon information and belief, Dr. Ing. h.c. F. Porsche AG and Porsche Cars North America, Inc. bear the primary responsibility for the marketing and sales of Porsche-branded products within the United States. Upon information and belief, further discovery will reveal additional details regarding the division of responsibilities amongst Porsche-family entities.

36. <u>Samsung Electronics Co., Ltd.</u>

37. Upon information and belief, Samsung Electronics Co., Ltd. is a corporation organized under the laws of South Korea with its principal place of business located at Samsung Main Building, 250, Taepyeongno 2-ga, Jung-gu, Seoul 100-742, Republic of Korea.

38. Samsung Electronics America, Inc. is a New York corporation and a subsidiary of Samsung Electronics Co., Ltd. This Defendant's principal place of business is located at 85 Challenger Rd., Ridgefield Park, NJ, 07660.

39. Samsung Telecommunications America LLC is a Delaware corporation and a subsidiary of Samsung Electronics Co., Ltd. This Defendant's principal place of business is located at 1301 E. Lookout Drive, Richardson, Texas 75082. It may be contacted with process through its registered agent in the Commonwealth of Virginia, Corporation Service Company, 11 S. 12th St., PO Box 1463, Richmond, Virginia 23218.

40. Upon information and belief, Samsung Electronics America, Inc. and Samsung Telecommunications America LLC are subsidiaries of Samsung Electronics Co., Ltd.

and bear the primary responsibility for the marketing and sales of Samsung-branded products within the United States. Upon information and belief, further discovery will reveal additional details regarding the division of responsibilities amongst Samsung-family entities. Samsung Electronics Co., Ltd. is responsible for operations that use, sell, market, distribute, manufacture, sells for importation, imports, and/or sells after importation into the United States product that directly and/or indirectly infringe the '151 Patent.

41. <u>LG Corporation</u>

42. Upon information and belief, LG Corporation is a South Korea corporation with its principal place of business in Seoul, South Korea. On information and belief, this Defendant may be contacted with process at its principal place of business at LG Twin Towers, 20 Yeouido-dong, Yeongdeungpo-gu, Seoul 150 - 721, South Korea.

43. Upon information and belief, LG Electronics U.S.A., Inc. is a Delaware corporation with its principal place of business at 1000 Sylvan Avenue, Englewood Cliffs, New Jersey 07632.

44. LG Electronics U.S.A., Inc. is a subsidiary of LG Corporation and is responsible for operations that use, sell, market, distribute, manufacture, sells for importation, imports, and/or sells after importation into the United States product that directly and/or indirectly infringe the '151 Patent. Upon information and belief, further discovery will reveal additional details regarding the division of responsibilities amongst LG-family entities.

45. LG Electronics MobileComm U.S.A., Inc. ("LGM") is a California corporation with its principal place of business at 10225 Willow Creek Road, San Diego, California 92131, and at least one other place of business in the State of California at 2570 North 1st Street, #360, San Jose, California 95131. On information and belief, LGM is a wholly-owned subsidiary of LG Electronics U.S.A., Inc. On information and belief, LGM manufactures, has manufactured, uses, offers for sale, sells and/or imports into the United States various consumer electronics products, including smartwatches, conducts primary market and product research for LG Corporation and LG Electronics U.S.A., Inc.

46. <u>Sony Corporation</u>

47. Upon information and belief, Sony Corporation is a corporation organized under the laws of Japan with its principal place of business at 1-7-1 Konan, Minato-ku, Tokyo 108-0075, Japan. Upon information and belief, Sony manufactures, markets, sells for importation, imports, and/or sells after importation into the United States products that directly and/or indirectly infringe the '151 Patent.

48. Upon information and belief, Sony Corporation of America ("Sony America") is a corporation organized under the laws of the State of New York with its principal place of business at 550 Madison Avenue, New York, New York 10022. Upon information and belief, Sony America manufactures, markets, sells for importation, imports, and/or sells after importation into the United States products that directly and/or indirectly infringe the '151 Patent.

49. Upon information and belief, Sony Electronics, Inc. ("Sony Electronics") is a corporation organized under the laws of the State of California with its principal place

of business at 16530 Via Esprillo, San Diego, CA 92127. Upon information and belief, Sony Electronics manufacturers, markets, sells for importation, imports, and/or sells after importation into the United States products that directly and/or indirectly infringe the '151 Patent.

50. Upon information and belief, Sony Corporation is the parent entity of a number of Sony family entities and has primary responsibility for the business planning and manufacturing of Sony-branded products. Upon information and belief, Sony America is a subsidiary of Sony, and Sony Electronics is a subsidiary of Sony America. Upon information and belief, Sony America is responsible for business planning and marketing Sony-branded products within the United States. Upon information and belief, Sony Electronics has primary responsibility for the marketing and sales of Sony-branded electronic products within the United States. Upon information and belief, further discovery will reveal additional details regarding the division of responsibilities amongst Sony-family entities.

51. <u>Lenovo Group Limited</u>

52. Upon information and belief, Lenovo Group Limited is a corporation organized and existing under the laws of China, having a principal place of business at 23rd Fl., Lincoln House, Taikoo Place, 979 King's Rd., Quarry Bay, Hong Kong, R.O.C.

53. Upon information and belief, Lenovo (United States), Inc. is a corporation organized and existing under the laws of Delaware, having a principal place of business at The Centre at Purchase, One Manhattanville Road, Purchase, New York, 10577.

54.     Upon information and belief, Lenovo Holding Company, Inc. is a corporation organized and existing under the laws of Delaware having a principal place of business at 1009 Think Place, Morrisville, North Carolina, 27560.

55.     Upon information and belief, Lenovo (United States), Inc. and Lenovo Holding Company, Inc. are subsidiaries of Lenovo Group Limited and bear the primary responsibility for the marketing and sales of Lenovo-branded products within the United States. Upon information and belief, further discovery will reveal additional details regarding the division of responsibilities amongst Lenovo-family entities.

56.     Upon information and belief, Lenovo (United States), Inc. and Lenovo Holding Company, Inc. are responsible for operations that use, sell, market, distribute, manufacture, sell for importation, imports, and/or sell after importation into the United States product that directly and/or indirectly infringe the '151 Patent.

57.     <u>Motorola Mobility, Inc.</u>
58.     Upon information and belief, Motorola Mobility, Inc. is a wholly-owned subsidiary of Lenovo Group Limited organized under the laws of Delaware with its principal place of business at 600 North U.S. Highway 45, Libertyville, Illinois 60048.

59.     Upon information and belief, Motorola Mobility, Inc. is responsible for operations that use, sell, market, distribute, manufacture, sell for importation, imports, and/or sell after importation into the United States product that directly and/or indirectly infringe the '151 Patent.

60.   Apple, Inc.

61.   Upon information and belief, Apple, Inc. is a corporation organized and existing under the laws of California, having a principal place of business at 1 Infinite Loop, Cupertino, CA 95014. Apple's registered agent, registered with the Texas State Secretary of State's Office, is CT Corp. Systems at 350 N. St. Paul Street, Suite 2900, Dallas, TX 75201

62.   Upon information and belief, Apple, Inc. bears the primary responsibility for the marketing and sales of Apple-branded products within the United States. Upon information and belief, further discovery will reveal additional details regarding the division of responsibilities amongst Apple-family entities.

63.   Station Digital Media, Inc.

64.   Upon information and belief, Station Digital Media, Inc. is a corporation organized and existing under the laws of California, having a principal place of business at 111 W Ocean Blvd. 4th Floor Long Beach, CA 90802. Station Digital's registered agent, registered with the California State Secretary of State's Office, is 17140 Bernardo Center Drive, Suite 354, San Diego, CA 92128.

65.   Upon information and belief, Station Digital Media, Inc. bears the primary responsibility for the development of infringing Hyundai-branded products within the United States. Upon information and belief, further discovery will reveal additional details regarding the division of responsibilities amongst its family entities.

66. <u>Rego Apps, LLC</u>

67. Upon information and belief, Rego Apps, LLC is a corporation organized and existing under the laws of Florida, having a principal place of business at 217 Acadia Terrace, Celebration, Florida 34747.

68. Upon information and belief, Rego Apps, LLC bears the primary responsibility for the development of infringing smartwatch products, component and/or software within the United States. Upon information and belief, further discovery will reveal additional details regarding the division of responsibilities amongst Rego Apps, LLC family entities.

## FIRST CLAIM FOR RELIEF
## PATENT INFRINGEMENT ('151 PATENT)

69. Plaintiff incorporates by reference each of the allegations in paragraphs 1 - 68 above.

70. On or about June 27, 2006, the '151 Patent, disclosing and claiming an "Vehicle Security System," was duly and legally issued by the United States Patent and Trademark Office.

71. ICC is the assignee and exclusive licensee of the '151 Patent, entitled "Vehicle Security System" with ownership of all substantial rights in the '151 Patent, including the right to exclude others and to enforce, sue, and recover damages for past and future infringements. As part of his fiduciary duties with ICC, named inventor Samuel K. Giles assigned all rights, title, and interest in the '151 Patent to ICC. Additionally, named inventor Christopher E. Smith exclusively licensed all substantial rights in the '151 Patent to ICC, including the right to exclude others and to enforce, sue, and recover

damages for past and future infringements. A true and correct copy of the '151 Patent is attached as *See* Exhibit A. The '151 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

72. Defendants have infringed, contributed to the infringement, and induced others to infringe the '151 Patent and, unless enjoined, will continue to infringe the '151 Patent by manufacturing, using, selling, offering for sale, or by using the apparatus and method(s) claimed in the '151 Patent or by contributing to or inducing others to make, use, sell, or offer to sell, the claimed invention or use the claimed apparatus and method(s) without a license or permission from Plaintiff.

73. Plaintiff has been damaged by Defendants' infringement of the '151 Patent and will suffer additional irreparable damage and impairment of the value of its patent rights unless Defendants are enjoined from continuing to infringe the '151 Patent.

## JOINDER OF PARTIES

74. Plaintiff ICC incorporates paragraphs 1 through 73 herein by reference.

75. On information and belief, Defendants have each manufactured, purchased or otherwise acquired smartwatch vehicular systems for sale, resale, and/or distribution to their customers (and other end users) that are the subject to the First Claim for Relief (or some subset thereof). Thus, for the First Claim for Relief, the right to relief against Defendants is asserted jointly and severally.

76. The alleged infringements set forth in the First Claim for Relief arise out of the same transaction, occurrence, or series of transactions or occurrences relating to the

testing, making, using, offering for sale, selling, and/or importing of smartwatch vehicular systems, components and software thereof made in the subject of the First Claim for Relief.

77. Questions of fact common to all Defendants will arise in this action including, for example, infringement by, or through use of, smartwatch vehicular systems, components, and software thereof. Thus, joinder of the Defendants is proper in this litigation pursuant to 35 U.S.C. § 299(a).

## DEMAND FOR JURY TRIAL

78. Plaintiff ICC hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE PLAINTIFF PRAYS for judgment against Defendants as follows:

A. A judgment that Defendants have infringed one or more of the '151 Patent's claims, either literally and/or under the doctrine of equivalents, by Defendants and/or by others whose infringements have been induced by Defendants and/or by others to whose infringements Defendants have contributed;

B. An order and judgment preliminarily and permanently enjoining Defendants, their officers, directors, employees, agents, and all persons in active concert with them, from infringing, and contributing to or inducing others to infringe, the '151 Patent;

C. An accounting of each Defendant's profits pursuant to 15 U.S.C. § 1117;

D. A judgment awarding ICC all damages adequate to compensate for Defendants' infringement of ICC's asserted patent, and in no event less than a reasonable royalty for Defendants' acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

E. A judgment awarding ICC all damages, including treble damages, based on any infringement found to be willful, pursuant to 35 U.S.C. § 284, together with prejudgment interest;

F. Cost of suit and reasonable attorneys' fees;

G. For such other and further relief as the court may deem just and proper.

Date: 5/29/2015

Respectfully submitted,

Samuel K. Giles, MBA
U.S. Patent Agent, Reg. No. 68,877
INTELLECTUAL CAPITAL CONSULTING, LTD.
3160 W. 71st Avenue, Ste. 307
Westminster, CO 80030
skgiles@icapitalconsulting.com