IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| INTELLECTUAL CAPITAL CONSULTING, LTD.,    ) | |
| ) | |
| Plaintiff,    ) | |
| ) | Case No. 2:15-cv-00917-RWS-RSP |
| v.    ) | |
| ) | |
| HYUNDAI MOTOR COMPANY, et al.,    ) | |
| ) | |
| Defendants.    ) | |
| ) | |
| ) | |

**PORSCHE CARS NORTH AMERICA, INC. AND DR. ING. H.C. F. PORSCHE AG'S**
**MOTION TO DISMISS UNDER RULE 12(b)(6)**

In response to Plaintiff's Complaint filed on June 2, 2015, Defendants Porsche Cars

North America, Inc. and Dr. Ing. h.c. F. Porsche AG (collectively, "Porsche") submit this motion

to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

**TABLE OF CONTENTS**

**Page**

I.    **Introduction**.................................................................................................................. 1

II.   **Plaintiff Cannot Proceed *Pro Se* Because It Is Not an Individual** ............................... 2

       A.     Plaintiff Has Made Several False Statements in His Demand Letters That
           Would Be Improper If Made By an Attorney......................................................... 3

       B.     Plaintiff's Infringement Assertions Suggest the Lack of a Proper Pre-
           Filing Investigation That a Licensed Attorney Would Have to Make................... 4

       C.     Plaintiff's Infringement Theory Appears to Be Based on a
           Misunderstanding of the Doctrine of Equivalents ................................................. 6

III.  **The Complaint Does Not Meet the Pleading Standards for Patent
     Infringement Cases** ..................................................................................................... 8

IV.  **The Joinder of Thirty-Two Unrelated Defendants Is Improper** ............................... 10

V.    **Conclusion** ................................................................................................................. 11

## TABLE OF AUTHORITIES

**Cases**

*Addiction & Detoxification Inst. L.L.C. v. Carpenter*,
    2015 WL 4430128 (Fed. Cir. 2015) ................................................................................ 9

*Alli v. U.S.*,
    93 Fed. Cl. 172 (2010) .................................................................................................... 3

*Core Wireless Licensing S.A.R.L. v. Apple Inc.*,
    No. 6:14-cv-752, 2015 WL 4910427 (E.D. Tex. Aug. 14, 2015) ................................... 9

*Felix v. Am. Honda Motor Co., Inc.*,
    562 F.3d 1167 (Fed. Cir. 2009) ...................................................................................... 7

*Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., Ltd.*,
    535 U.S. 722 (2002) ........................................................................................................ 7

*GeoTag, Inc. v. Frontier Comms. Corp.*,
    2014 WL 282731 (E.D. Tex. 2014) ................................................................................ 7

*K.M.A., Inc. v. General Motors Acceptance Corp.*,
    652 F.2d 398 (5th Cir. 1981)........................................................................................... 8

*Manion v. Green*,
    No. 4:12-cv-222, 2014 WL 261203 (E.D. Tex. Jan. 23, 2014)................................... 2, 8

*Memon v. Allied Domecq QSR*,
    385 F.3d 871 (5th Cir. 2004).......................................................................................... 2

*Net Nav. Sys., LLC v. Cisco Sys., Inc.*,
    No. 4:11-cv-660, 2012 WL 7827543 (E.D. Tex. Aug. 22, 2012) ................................ 10

*Realtime Data, LLC v. Stanley*,
    721 F. Supp. 2d 538 (E.D. Tex. 2010) ........................................................................... 9

*Rowland v. California Men's Colony, Unit II Men's Advisory Council*,
    506 U.S. 194 (1993) ........................................................................................................ 2

*Southwest Exp. Co., Inc. v. I. C. C.*,
    670 F.2d 53 (5th Cir. 1982)............................................................................................. 2

*Warner-Jenkinson Co., Inc. v. Hilton Davis Chemical Co.*,
    520 U.S. 17 (1997) .......................................................................................................... 7

**Statutes**

35 U.S.C. § 299................................................................................................................. 3, 12

## I.      INTRODUCTION

Plaintiff commenced this action on June 6, 2015, asserting infringement of U.S. Patent

No. 7,068,151 ("the '151 patent").  D.I. 1–2.  Plaintiff purports to appear as a *pro se* litigant but is

in fact a Limited Liability Company rather than an individual.   It is black-letter law that

companies cannot appear in federal court except through licensed counsel, and therefore Plaintiff

has not properly appeared in this Court.  Plaintiff's need to obtain proper counsel in this matter is

apparent.  As an initial matter, Plaintiff's claims are, on their face, without merit.  And, Mr. Giles

has made several false statements in his demand letters that would be improper if made by an

attorney.  Similarly, Plaintiff failed to properly appear in another Court and that Court ordered

Mr. Giles to "show cause why [the] action should not be dismissed because he may not represent

Plaintiff in a *pro se* capacity."  Ex. 2, Case No. 15-cv-01994-GPG (D. Colo. 2015), D.I. 8.

Additionally, Plaintiff's Motion to Appoint Counsel (D.I. 11) is improper because 28 U.S.C. §

1915 only applies to natural persons and not to Limited Liability Companies.

Perhaps as a further result of Plaintiff's failure to obtain proper counsel, Plaintiff's

Complaint does not meet the basic requirements for pleading direct patent infringement and

pleads no facts whatsoever in support of its indirect and willful infringement contentions.

Indeed, with respect to the Porsche defendants, the Complaint contains no non-jurisdictional

factual allegations at all other than the blanket statement that all 32 defendants in this case

infringe the patent.  Additionally, the joinder of 32 unrelated defendants is improper under 35

U.S.C. § 299.  Plaintiff's proposed joinder is "based solely on allegations that they each have

infringed the patent or patents in suit," which is insufficient as a matter of law to identify

questions of fact common to all Defendants.

For all of these reasons, this case should be dismissed with leave to refile but only if

Plaintiff appears before this Court with counsel and further provided that any such refiled action

adheres to, and is in full compliance with, the pleading and joinder standards.  If, within thirty

days, Plaintiff does not refile, the dismissal of this action should become with prejudice.

## II.  PLAINTIFF CANNOT PROCEED *PRO SE* BECAUSE IT IS NOT AN INDIVIDUAL

"The rule is well established that a corporation can appear in a court of record only by an

attorney at law." *Southwest Exp. Co., Inc. v. I. C. C.*, 670 F.2d 53, 55 (5th Cir. 1982); *accord*

*Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004) (explaining that 28 U.S.C. §

1654 only authorizes individuals to appear *pro se*).  "Courts have uniformly interpreted this

statute to mean that corporations, partnerships, or associations are not allowed to appear in

federal court other than through a licensed attorney." *Manion v. Green*, No. 4:12-cv-222, 2014

WL 261203, at *4 (E.D. Tex. Jan. 23, 2014), *adopted* 2014 WL 341896 (Jan. 30, 2014).

Plaintiff Intellectual Capital Consulting, Ltd. is a Limited Liability Company organized

under the laws of Colorado.  *See* Ex. 1.  Plaintiff purports to appear in this action as a "Pro Se

Litigant."  D.I. 1.  The Complaint is signed on behalf of Plaintiff by Samuel K. Giles, who is not

a licensed attorney.  D.I. 2.

This is not the only time Mr. Giles has sought to bring a *pro se* action on behalf of

Plaintiff.  On September 17, 2015, the District of Colorado issued an order requiring Mr. Giles to

"show cause why this action should not be dismissed because he may not represent Plaintiff in a

*pro se* capacity."  Ex. 2, Case No. 15-cv-01994-GPG (D. Colo. 2015), D.I. 8.  In response, Mr.

Giles argued that Plaintiff should be afforded relief under 28 U.S.C. § 1915, despite the fact that

the Supreme Court has expressly held that that provision applies only to natural persons rather

than companies.  *See* Ex. 3, Case No. 15-cv-01994-GPG (D. Colo. 2015), D.I. 10; *Rowland v.*

*California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 196 (1993) (holding

that "only a natural person may qualify for treatment *in forma pauperis* under § 1915.").

Plaintiff makes this same argument in the pending Motion to Appoint Counsel in this case.  D.I. 11.  Because the argument is incorrect as a matter of law, the Court should deny Plaintiff's motion in addition to dismissing this action.  *See Alli v. U.S.*, 93 Fed. Cl. 172, 182 (2010) ("To be sure, section 1915(e)(1) indicates that a court 'may request an attorney to represent any person unable to afford counsel.'  But, the term 'person,' as used in this provision, refers only to natural persons and thus does not cover artificial entities, such as corporations—as was the holding in *Rowland*, in which the Supreme Court reiterated that corporations must be represented by counsel.") (citations omitted).

### A.    Plaintiff Has Made Several False Statements in His Demand Letters That Would Be Improper If Made By an Attorney

Plaintiff's need to obtain proper counsel is apparent.  For example, in a demand letter to Porsche dated June 2, 2015, Mr. Giles represented that he had "commenced a patent infringement case" both in this District and "with the International Trade Commission (ITC) for a Section 337 investigation," attaching a document that purports to be an ITC complaint.  Ex. 4 at 1, 3, 6.   Mr. Giles, however, never in fact commenced any such ITC action.  He also attached what he calls "courtesy copies" of various documents purporting to be motions filed in this Court, such as a "Motion to Stay," a "Motion for Preliminary Injunction," and a "Proposed Discovery Request."  *Id.* at 3–5, 7–8.  Mr. Giles, however, never in fact filed such documents.  An attorney would have known that it is improper to represent that an action was filed in an attempt to extort a settlement.  *See, e.g.*, ABA Model Rule for Professional Conduct 4.1 ("In the course of representing a client a lawyer shall not knowingly . . . make a false statement of material fact or law to a third person") (adopted both in Colorado and Texas).

3

**B.      Plaintiff's Infringement Assertions Suggest the Lack of a Proper Pre-Filing Investigation That a Licensed Attorney Would Have to Make**

As outlined below, Plaintiff's infringement theories are meritless, which may explain the difficulty it is having in securing counsel willing to pursue this case.  Mr. Giles argues that "the meritorious '151 Patent claim language" should "impel the Court to assign counsel" to Plaintiff. D.I. 11 at 4.  Even a cursory review of the patent and its file history, however, reveal that Plaintiff's claims are meritless.

There is only one independent claim in the '151 patent, and this claim requires a "wristwatch remote" with a "hinged body" connected to it and "a plurality of display screens located on said hinged body."  D.I. 2-1 ('151 patent) at Claim 1.  Specifically,

> 1.  A vehicle security system comprising:
>
> (a) a wristwatch remote comprising a housing base containing operating electronics and a plurality of control means for adjusting watch functions and controlling security system functions; a keypad; a voice activation control mechanism; a speaker; a display panel being located on a front surface of said housing base proximate said keypad; a mechanism with a plurality of means for alerting user of vehicle tampering; transceiver, code generator, switching circuit, mode controller, memory and audio input/output device; a programmed menu; means for transmitting operational signals between wristwatch remote and onboard control module;
>
> (b) a hinged-body connected to said housing of wristwatch remote, a plurality of display screens located on said hinged-body displaying digital readouts;
>
> (c) a hinged-body operating mechanism on wristwatch remote;
>
> (d) a hinge mechanism on wristwatch remote;
>
> (e) onboard module comprising vehicle sensors for detecting vehicle tampering within specific senor zones, controller processing unit, memory unit, timer, antenna, input interface switches, input interface, output interface, transceiver and proximity detector.

*Id*. (annotations added).

The "hinged-body" component is illustrated in the figures below as elements 705 and 805, respectively:



REFERENCE NUMERALS

Figure 7: Flip-up Watch Remote Drawing

**701**-Exterior Digital Clock
**702**-Interior Display Screen
**703**-Interior Display Screen
**704**-Keypad
**727**-Hinge
**705**-Hinged Body
**706**-Base
**707**-Mode Button
**708**-Select Button

REFERENCE NUMERALS

Figure 8: Flip-up Watch Remote Drawing

**801**-Exterior Digital Clock
**802**-Interior Display Screen
**803**-Interior Display Screen
**804**-Keypad
**805**-Hinged Body
**806**-Base
**807**-Mode Button
**808**-Select Button
**809**-Light
**810**-Hinged Body Open Button

*Id*. at 4:19-44, Figs. 7–8.  The specification describes the hinged body as a "flip-up" component that can "flip upward showing the interior components."  *Id*. at 5:28-33; Figs. 7–8.

Whatever the merits of a wristwatch with a flip-up component that exposes additional display screens, it would be clear to a licensed attorney performing a proper pre-filing investigation that this claim does not read on any modern day smartwatch with no such flip-up component.  This, however, is precisely the allegation Plaintiff appears to be making in its demand letters and in this litigation.

In addition, the '151 claims require a "plurality of display screens located on said hinged-body displaying digital readouts."  For example, in the embodiment shown in Figure 7 above,

there is both an "Internal Display Screen" and an "External Digital Clock."  As explained in the specification,

> FIG. 7 shows the side view of the remote Watch.  The digital clock 701 located on the outside surface of the hinged body 705 will display watch information such as the time and date.  The interior display screen 702 located on the base 706 of the watch remote will display the time and alternative Watch functions (calendar, schedule, etc.).  The interior display screen 702 is displayed when the hinged body 705 is opened.

*Id.* at 5:16–23.

Thus, a licensed attorney performing a proper pre-filing investigation would conclude that this claim does not encompass a smartwatch with single display screen, which is what Plaintiff appears to be alleging in this litigation.  Indeed, Plaintiff itself seems to have reached this conclusion during prosecution, noting that the "prior art lacks any suggestion that the reference should be modified to comprise of a hinged-body with multiple screens . . . and therefore do not meet the claims of the applicants."  Ex. 5 (March 29, 2005 Amendment) at 46; *see also id.* at 53 ("By incorporating the novel features of a hinged body, operation menu and multiple display screens, the applicants' invention provides users a larger viewing area for interpreting information.  Gilmore's invention does not state or anticipate any of the novel features of the applicants'."); *id.* at 51, 54–55 (similar statements regarding the alleged novelty of "multiple display screens" on a "hinged-body" made to overcome Hodger, Maeno, and Kono prior art).

### C.      Plaintiff's Infringement Theory Appears to Be Based on a Misunderstanding of the Doctrine of Equivalents

Perhaps recognizing this deficiency, Plaintiff resorts to the doctrine of equivalents to argue that the relevant inquiry is simply whether "Defendant's accused products assembly are insubstantially different from the claimed assembly."  D.I. 11 at 3–4.  His reasoning, however, is untenable in light of the prosecution history.  *See id.*  During prosecution, the examiner rejected

6

the '151 patent in view of traditional wristwatch-controlled vehicle security systems.  Ex. 6

(October 6, 2004 Non-Final Rejection) at 4.  In response, Plaintiff filed an amendment that added

the "hinged-body" language and emphasized the alleged novelty of having a wristwatch with "a

hinged-body that pivots in a rearwardly motion exposing additional display screens."  Ex. 5

(March 29, 2005 Amendment) at 41, 43.  The examiner then issued the patent, stating that the

prior art discloses "a vehicle security system being controlled by a wristwatch" but not one being

controlled by "a wristwatch with a hinged-body for operating and communicating with the

security system having the specific claimed structure as laid out in" the claims.  Ex. 7 (February

27, 2006 Notice of Allowance).

Because these features were explicitly made in narrowing amendments in order to

overcome prior art, the doctrine of equivalents cannot be invoked.  *See GeoTag, Inc. v. Frontier*

*Comms. Corp.*, 2014 WL 282731, *2 (E.D. Tex. 2014) ("When, however, the patentee originally

claimed the subject matter alleged to infringe but then narrowed the claim in response to a

rejection, he may not argue that the surrendered territory comprised unforeseen subject matter

that should be deemed equivalent to the literal claims of the issued patent.") (quoting *Festo*

*Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., Ltd.*, 535 U.S. 722, 733–34, (2002)); *see also*

*Felix v. Am. Honda Motor Co., Inc.*, 562 F.3d 1167, 1182–84 (Fed. Cir. 2009) (likewise applies

where claims are canceled and rewritten as narrower claims).  Nor can the doctrine of

equivalents be used to eviscerate entire claim limitations such as a connected hinged-body

having multiple display screens.  *See Warner-Jenkinson Co., Inc. v. Hilton Davis Chemical Co.*,

520 U.S. 17, 29 (1997).

In sum, because Intellectual Capital Consulting, Ltd. is not represented by a licensed

attorney, it has not properly appeared in this Court and thus has not stated a claim upon which

relief may be granted. When confronted with an unrepresented corporation, a court may dismiss a party's claims with prejudice after giving the party sufficient time to obtain counsel. *See Memon v. Allied Domecq QSR*, 385 F.3d 871, 874 (5th Cir. 2004) ("In virtually every case in which a district court dismissed the claims (or struck the pleadings) of a corporation that appeared without counsel, the court expressly warned the corporation that it must retain counsel or formally ordered it to do so before dismissing the case."). Here, the appropriate measure is to require Plaintiff to refile the case with proper counsel within thirty days and, if Plaintiff does not do so, the dismissal of this action should become with prejudice. *See id*; *K.M.A., Inc. v. General Motors Acceptance Corp.*, 652 F.2d 398, 399 (5th Cir. 1981) (granting motion to dismiss with prejudice "unless within 30 days of the entry of this order an attorney admitted to practice before this Court files an appearance to represent the corporate appellant"); *Manion*, 2014 WL 261203, at *4 ("When a corporation declines to hire counsel to represent it, the court may properly dismiss its claims.").

## III. THE COMPLAINT DOES NOT MEET THE PLEADING STANDARDS FOR PATENT INFRINGEMENT CASES

Not only has Plaintiff asserted baseless claims and appeared without an attorney in violation of well-settled law, Plaintiff's infringement allegations do not meet the pleading standards. Plaintiff alleges direct infringement, contributory infringement, inducement of infringement, and willful infringement indiscriminately against all 32 defendants. D.I. 2, ¶ 75; *id.* at 18. Other than jurisdictional statements, the Complaint contains no factual allegations specific to the Porsche defendants. *See id.*, ¶¶ 32–35. Rather, the Complaint contains a single blanket statement that all 32 defendants have "manufactured, purchased or otherwise acquired smartwatch vehicular systems for sale, resale, and/or distribution." *Id.*, ¶ 75.

For direct infringement, the pleadings must at least meet the threshold of Form 18 in the Appendix of Forms to the Federal Rules of Civil Procedure. *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 6:14-cv-752, 2015 WL 4910427, *3 (E.D. Tex. Aug. 14, 2015). Among other things, this requires that the "identification of accused instrumentalities be specific as to particular defendants." *Realtime Data, LLC v. Stanley*, 721 F. Supp. 2d 538, 543 (E.D. Tex. 2010) (finding vague assertion that defendants sell "data compression products and/or services" insufficient). The Complaint contains no identification of any Porsche products at all and it is unclear as to what "smartwatch vehicular systems" refers. Thus, Plaintiff has not met its pleading obligations for direct infringement.

Plaintiff also makes inducement allegations, which means the "complaint must contain sufficient facts alleging a direct infringer, and establish a plausible inference that [defendant] specifically intended a third party to commit acts that it knew constituted infringement." *Core Wireless*, 2015 WL 4910427, at *4. Further, Plaintiff makes contributory infringement allegations, which requires the complaint to at least "identify the components of the accused products used to infringe the asserted patents" and "plead facts that allow an inference that the components have no substantial non-infringing uses." *Id.* at *5. Here, Plaintiff offers nothing beyond a conclusory statement that induced and/or contributory infringement has occurred. D.I. 2, ¶ 72. This is improper. "Simply repeating the legal conclusion that Defendants induced infringement or contributorily infringed does not plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 2015 WL 4430128, at *4 (Fed. Cir. 2015). As a result, Plaintiff has not properly pled inducement or contributory infringement.

9

Plaintiff additionally asserts willful infringement.  D.I. 2 at 18.  To survive a motion to dismiss, a plaintiff asserting willfulness must "provide enough facts that, when taken as true, show objective recklessness of the infringement risk."  *Core Wireless*, 2015 WL 4910427, at \*5. As noted above, the Complaint does not plead any non-jurisdictional facts at all regarding Porsche defendants, let alone any facts suggesting an "objective recklessness of the infringement risk."  Therefore, the Complaint should be dismissed without prejudice for failure to comply with the relevant pleading standards.

## IV.    THE JOINDER OF THIRTY-TWO UNRELATED DEFENDANTS IS IMPROPER

Defendants in patent infringement cases may be joined in one action only if "questions of fact common to all defendants or counterclaim defendants will arise in the action."  35 U.S.C. § 299.  The Complaint asserts that joinder of the Defendants is proper because "questions of fact common to all Defendants will arise in this action including, for example, infringement."  D.I. 2, ¶ 77.  This, however, is irreconcilable with the plain language of the statute, which explicitly provides that joinder of accused infringers cannot be "based solely on allegations that they each have infringed the patent or patents in suit."  35 U.S.C. § 299.

Other than the conclusory assertion that joinder is proper, the Complaint contains no factual allegations related to the Porsche defendants that indicate any common questions of fact other than the alleged infringement of the same patent.  As a result, joinder of Porsche with unrelated defendants is improper.  *See Net Nav. Sys., LLC v. Cisco Sys., Inc.*, No. 4:11-cv-660, 2012 WL 7827543, at \*2 (E.D. Tex. Aug. 22, 2012) (finding plaintiff's allegations insufficient to establish proper joinder, noting that independent defendants may not be joined "unless the facts underlying the claim of infringement asserted against each defendant share an aggregate of operative facts").  Thus, the Porsche defendants should be dropped from this action, and Plaintiff should file a separate action or plead facts sufficient to support joinder.  *See* Fed. R. Civ. P. 21

(where parties are misjoined, a court may "drop a party" or may "sever any claim against a party").

## V.      CONCLUSION

For the foregoing reasons, Porsche respectfully requests that the Court dismiss this case with leave to refile but only if Plaintiff appears before this Court with counsel and further provided that any such refiled action adheres to, and is in full compliance with, the pleading and joinder standards.  If, within thirty days, Plaintiff does not refile, the dismissal of this action should become with prejudice.

Date:  October 14, 2015                    Respectfully submitted,


*/s/ Melissa R. Smith*
Melissa R. Smith
State Bar No. 24001351
GILLAM & SMITH, LLP
303 S. Washington Ave.
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
melissa@gillamsmithlaw.com

Russell E. Levine, P.C.
Kristina N. Hendricks
KIRKLAND & ELLIS LLP
300 N. LaSalle St.
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
russell.levine@kirkland.com
kristina.hendricks@kirkland.com

***Attorneys for Defendants Porsche Cars North***
***America, Inc. and Dr. Ing. h.c. F. Porsche***
***AG***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on  October 14, 2015.


*/s/Melissa R. Smith*
Melissa R. Smith